UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| 2010-3 SFR Venture, LLC <br><br> Plaintiff <br><br> vs. <br><br> Homesolutions Properties, LLC d/b/a <br> Homesolutions USA and <br> Carll S. Burr a/k/a Carll S. Burr III <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) <br> ) MORTGAGED PREMISES: <br> ) 17 Burr Road <br> ) Rangley, ME 04970 <br> ) Book 3048, Page 101 <br> ) <br> ) |

## COMPLAINT

The Plaintiff, 2010-3 SFR Venture, LLC ("Plaintiff"), by and through its attorneys, Doonan, Graves & Longoria, LLC, for its complaint alleges as follows:

## PARTIES

1.  The Plaintiff is a limited liability corporation incorporated in the State of Delaware.

2.  The Defendant, Homesolutions Property, LLC, d/b/a Homesolutions USA has a principal place of business located at 4897 Mainila Avenue, North Port, County of Sarasota and State of Florida.

3.  The Defendant, Carll S. Burr is located at 158 Old Winkle Port Road, Northport, County of Suffolk, and State of New York.

## JURISDICTION

4.  Plaintiff repeats and re-alleges its allegations contained in paragraphs 1-3

as if restated herein.

5. This action is within the jurisdiction of the U.S. District Court pursuant to 28 U.S.C. § 1332, which provides in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1).

### Parties are citizens of different states

6. Plaintiff repeats and re-alleges its allegations contained in paragraphs 1-5 as if restated herein.

7. The Plaintiff in this action is a limited liability corporation incorporated in the State of Delaware.

8. The Defendant, Homesolutions Property, LLC, d/b/a Homesolutions USA has a principal place of business located at 4897 Mainila Avenue, North Port, County of Sarasota and State of Florida.

9. This is an action for foreclosure and sale respecting real estate located at 17 Burr Road, Rangley, in the County of Franklin and State of Maine, being more particularly described in the attached Exhibit A.

### Amount in Controversy exceeds $75,000.00 Jurisdictional Threshold

10. Plaintiff repeats and re-alleges its allegations contained in paragraphs 1-9 as if restated herein.

11. The Supreme Court has held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising*

*Comm'n.*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 181, 56 S. Ct. 780, 781 (1936).

12. The subject of this action include a promissory note executed by Defendant and delivered to Rockbridge Commercial Bank on June 16, 2008, the amount of $1,000,000.00 which was ultimately restated and modified by a Forbearance Agreement dated December 18, 2009, also executed by Defendant, which increased the principal balance to $3,000,000.00. A true and correct copy of the note and Agreement are attached hereto as Exhibit B and C.

13. Defendant is currently in default of the promissory note and modification agreements as stated in paragraph 12, having failed to make the monthly payment due September 16, 2006, and all subsequent payments.

14. As of December 31, 2013, the total amount due and owing to Plaintiff is $3,843,021.20, exceeding the jurisdiction threshold pursuant to 28 U.S.C. § 1332(a)(1).

## FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges its allegations contained in paragraphs 1-14 as if restated herein.

16. On June 13, 2008, the Defendant, Homesolutions Properties, LLC d/b/a Homesolutions USA executed and delivered to Rockbridge Commercial Bank a certain promissory note in the amount of $1,000,000.00 as ultimately restated and modified by a Forbearance Agreement dated December 18, 2009, which increased the principal balance to $3,000,000.00. A true and correct copy of the note and Agreement are attached hereto as Exhibit B and C.

17. The Plaintiff is the holder and owner of the Note and related documents

referenced in Paragraphs 12 and 16 pursuant to endorsement by the previous holder and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark,* 147 A. 205, 128 Me. 280 (1929).

18. To secure said promissory note, on June 13, 2008, the Defendant, Carll S. Burr, executed a mortgage deed in favor of Rockbridge Commercial Bank, securing the property located at 17 Burr Road, Rangley, ME 04970, which mortgage deed is recorded in the Franklin County Registry of Deeds in **Book 3048, Page 101.** A true and correct copy of the mortgage and its riders (if applicable) is attached hereto as Exhibit D.

19. The mortgage was then modified by an Agreement dated June 24, 2009 and recorded in the Franklin County Registry of Deeds in Book 3168, Page 10. A true and correct copy of the Mortgage Modification Agreement is attached hereto as Exhibit E.

20. The Mortgage Deed was then assigned to 2010-3 SFR Venture, LLC by virtue of an Assignment of Real Estate Mortgage dated December 28, 2010 and recorded in the Franklin County Registry of Deeds in **Book 3343, Page 133.** A true and correct copy of the assignment of mortgage is attached hereto as Exhibit F.

21. 2010-3 SFR Venture, LLC is the current holder and owner of the aforesaid mortgage modification and promissory note and agreement and is entitled to enforce the aforesaid.

22. The Defendants are presently in default on said mortgage and promissory note, having failed to make the monthly payment due September 16, 2009, all subsequent payments, and, therefore, have breached the condition of the aforesaid mortgage and

promissory note.

23. The record, established through the Franklin County Registry of Deeds, indicates that there are no public utility easements recorded subsequent to the mortgage and prior to the commencement of these proceedings affecting the mortgage premises at issue herein.

24. As of December 31, 2013, the amount that will be due the Plaintiff if no payments are made, under the terms of said mortgage and note is:

| | |
|---|---|
| Principal Balance: | $2,953,693.97 |
| Accrued Interest: | $ 872,695.28 |
| Escrow Advance: | $ 16,231.95 |
| Total Fees: | $ 30.00 |
| Recoverable Balance: | $ 370.00 |
| Total: | $3,873,021.20 |

25. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

26. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants on April 24, 2012 and was received on April 27, 2012. A true and correct copy of the Notice and the delivery results are attached hereto as Exhibit G.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

   a. Issue a Clerk's Certificate in conformity with Maine Title 14 section 6321;

   b. Determine that there has been a breach of condition in the Plaintiff's mortgage and promissory note;

    c.    Determine the amount due on said mortgage and promissory note, including principal, interest, reasonable attorney's fees and court costs, as affected by any bankruptcy filing;

    d.    Determine the order of priority of such other parties as any appear, together with the amounts due such parties, if any;

    e.    Issue a judgment of foreclosure in conformity with Maine Title 14 section 6322;

    f.    Grant possession to the Plaintiff upon expiration of the period of redemption; and

    g.    Grant such other and further relief as the Court may determine proper.

Dated at Beverly, Massachusetts, this __31__ day of __December__, 2013.

                                              John A. Doonan, Esq., Bar No. 3250
Jenai J. Cormier, Esq., Bar No. 4682
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
978-921-2670

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                               December 31, 2013

Subscribed and sworn to before me by __Jenai J. Cormier__.

                                                   Notary Public
                                                   My commission expires:



DAVID C. THERRIEN
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
October 24, 2014

## NOTICE TO DEFENDANTS
## FAIR DEBT COLLECTION PRACTICES ACT
## 32 M.R.S.A. § 11001 et seq.

---

WE ARE ATTEMPTING TO COLLECT A DEBT. ANY AND ALL INFORMATION WHICH WE OBTAIN WILL BE USED FOR THAT PURPOSE.

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN 7 DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.

UNLESS YOU NOTIFY US THAT YOU DISPUTE ANY PORTION OF THIS DEBT WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE, THE DEBT WILL BE ASSUMED VALID. IF YOU NOTIFY US WITHIN 30 DAYS THAT THE DEBT,OR ANY PORTION THEREOF, IN DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT AND WILL MAIL YOU A COPY OF THE VERIFICATION.

UPON WRITTEN REQUEST WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE, WE WILL PROVIDE YOU THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF IT IS DIFFERENT FROM THE CURRENT CREDITOR. <u>NOTWITHSTANDING ANY OF THE PROVISIONS OF THIS IMPORTANT NOTICE OF YOUR RIGHTS, WE RESERVE THE RIGHT TO BRING A LAWSUIT AGAINST YOU WITHIN THE 30-DAY PERIOD.</u>